[No. B210101. Second Dist., Div. Four. June 3, 2009.]

In re S.B., a Person Coming Under the Juvenile Court Law.
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY
SERVICES, Plaintiff and Respondent, v.
G.B. et al., Defendants and Appellants.

COUNSEL

Andre F. F. Toscano, under appointment by the Court of Appeal, for Defendant and Appellant G.B.

Jesse F. Rodriguez, under appointment by the Court of Appeal, for Defendant and Appellant S.W.

Raymond G. Fortner, Jr., County Counsel, James M. Owens, Assistant County Counsel, and Kim Nemoy, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

EPSTEIN, P. J.—This is the third appeal in this matter raising the issue of compliance with the notice requirements of the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.). After the second remand based on inadequate notice, the trial court expressly asked parents' counsel to review the notices and voice any objections. Counsel raised no objection, and even after a lengthy continuance to permit careful review of the record, mother's attorney asserted she was not an expert on ICWA notices and did not feel competent to assess whether the notices were sufficient. Yet after the delay of another appeal, the parents, through appellate counsel, again argue deficient ICWA notice.

We conclude notice was adequate in this case and affirm the order terminating parental rights. We also state our view that counsel for the parents share responsibility with the Los Angeles County Department of Children and Family Services (DCFS) and minor's counsel to advise the trial court of any infirmities in these notices in order to allow for prompt correction and avoid unnecessary delay in the progress of the dependency case.

## FACTUAL AND PROCEDURAL SUMMARY

This case involves S.B., the youngest child of mother S.W. and father G.B. S.B. was declared a dependent child, as his elder siblings had been before him. The court ordered S.B. and his older sibling, G.B., into a permanent plan of foster care with a goal of adoption. On appeal, mother challenged these dispositional orders, claiming the DCFS failed to comply with the ICWA notice requirements. DCFS conceded notice was not proper, and in an opinion filed on December 16, 2005 (*In re G.B.* (Dec. 16, 2005, B182116) [nonpub. opn.]), we reversed the orders and remanded for compliance with ICWA.

On remand, the juvenile court continued the matter so DCFS could provide proper ICWA notice. Notice was mailed to various tribes. In March 2007, the court held a combined hearing on father's petition seeking custody or reunification services (Welf. & Inst. Code, § 388; all statutory references are to this code unless otherwise indicated) and to select a permanent plan for S.B. (§ 366.26.) The court found proper notice had been given to the Indian tribes, that S.B. was not an Indian child, and that ICWA did not apply. The court denied the petition and terminated parental rights to S.B. The parents appealed the termination of parental rights, challenging the adequacy of the ICWA notice. Pursuant to the stipulation of the parties, in September 2007, this court issued an order reversing the March 2007 judgment for the sole purpose of perfecting ICWA notice (case No. B197376).

In June 2008, the court reviewed the most recent ICWA notices as to S.B., and asked counsel for the parents whether they had any objections with regard to ICWA compliance. Father's counsel had none. Mother's attorney stated she had not had an opportunity "to look through the I.C.W.A. notices and compare them to anything." The court continued the matter to give counsel that opportunity, ordering parents' counsel "to review the I.C.W.A. notices and specify any objection you have. And that's not like 'I haven't looked at it.' You have to look at it, you have to think about it, and you have to make an objection known. At that time the court will reinstate the termination and find I.C.W.A. is not applying to either child since both children have the same parents and we have letters from each and every tribe current—I believe each and every tribe, but it's your job to find that out, and county counsel can look at it too, and make sure we have each and every tribe."

The matter was heard in August 2008. Father's counsel was not present, and the court appointed new counsel for him. Mother's counsel advised the court that mother "just told me that she has family living on a reservation in Mesa, Arizona." The court questioned mother further, and mother clarified that she was not claiming her son is an Indian tribe member with that tribe.

The court then asked counsel for the parents if they had any objections to the ICWA notices. Father's attorney stated he had no legal objection he could express. Mother's counsel stated she had looked at the record and had not seen anything wrong, but said she was not an expert on ICWA, and did not feel competent to make that assessment. The court explained it was not asking for an opinion, just whether she had any legal objection. Mother's counsel replied, "Not that I know of, no."

The court found, based on the evidence presented, that there was no "reason to know" that the ICWA applies to S.B. The court having found that

ICWA does not apply, in accordance with the conditional remand in our September 2007 order, reinstated its prior order terminating parental rights as to S.B. Mother and father each filed a timely appeal from this order.

## DISCUSSION

Parents argue the ICWA notices were insufficient because the record does not reflect that DCFS properly notified three of the tribes it had identified and listed, or that these tribes received actual notice of the dependency proceedings.[1]

The record contains a certificate of mailing, signed by the social worker, certifying that "a copy of the Notice of Child Custody Proceeding for Indian Child, with a copy of the petition identified on page 1 of this form, was mailed as follows. Each copy was enclosed in an envelope with postage for registered or certified mail, return receipt requested, fully prepaid. The envelopes were addressed to each person, tribe, or agency as indicated below." Listed were 14 tribes (one of which was sent two separate notices), the Bureau of Indian Affairs, and the Secretary of the Interior.

Parents make no claim that the content of the notices was inadequate, or that a tribe entitled to notice was not included on the list. They argue that DCFS failed to comply with section 224.2, subdivision (c), which requires that "[p]roof of the notice, including copies of notices sent and all return receipts and responses received, shall be filed with the court in advance of the hearing . . . ." (See also Cal. Rules of Court, rule 5.482(b) ["Proof of notice filed with the court must include *Notice of Child Custody Proceeding for Indian Child* (form ICWA-030), return receipts, and any responses received from the Bureau of Indian Affairs and tribes."].)

DCFS did fail to include return receipts as to any of the notices, and only filed responses from nine tribes. But the filing of return receipts of responses is not required under ICWA. (See *In re L. B.* (2003) 110 Cal.App.4th 1420, 1425, fn. 3 [3 Cal.Rptr.3d 16].) And any failure to comply with the California filing requirement is harmless in this case.

The social worker certified that she sent notice, and obviously the nine tribes that responded each received the notice. Nothing in the record suggests, nor are we presented with any reason why, the social worker would have performed her duty to send ICWA notice to some of the listed tribes, but neglected to send notice to the others. Under these facts, we rely on the

---

[1] The three tribes at issues are the Chickasaw Nation, Navajo Children & Family Services, and Gila River Pima-Maricopa Indian Community.

presumption in Evidence Code section 664 that official duty has been regularly performed. In the absence of any contradictory evidence, and there is none, we conclude that ICWA notice was given to all appropriate tribes. (See *In re L. B., supra,* 110 Cal.App.4th at p. 1425.) Proper notice having been given and no tribe having sought to intervene, the trial court properly reinstated the order terminating parental rights as to S.B.

More troubling in this case is the failure of parents' trial counsel to carefully review the record at the time of the hearing in order to raise any potential ICWA notice problem in a timely manner. As we have discussed, the court asked if either parent had objections to the ICWA notice. When mother's attorney stated she had not had an opportunity to look through the notices, the court continued the matter for that purpose, directing counsel to review the ICWA notices and specify any objections. Two months passed before the matter was heard. This time, father's counsel raised no objection to the notice, and mother's counsel stated: "I'm not an expert in I.C.W.A. I don't have any training in I.C.W.A. I looked at it. I personally didn't see anything wrong, but I don't feel I'm competent to make that determination myself. So if the court really wants some sort of opinion from someone in my office that has more knowledge than I do, then I'd be happy to provide that, but I just want that on the record." The court explained it was not asking for an opinion, "I was asking whether or not there is a legal objection." Mother's counsel replied, "Not that I know of, no."

■ An attorney practicing dependency law in the juvenile court should be sufficiently familiar with ICWA notice requirements to point out a flaw in notice if the record shows that there is one—especially when specifically asked to do so. One court has observed that "trial counsel for a parent in dependency proceedings rarely brings ICWA notice deficiencies to the attention of the juvenile court. That job, it seems, is routinely left to appellate counsel for the parent." (*In re Justin S.* (2007) 150 Cal.App.4th 1426, 1436 [59 Cal.Rptr.3d 376].) That practice ignores the importance to a child's well-being in achieving permanence as soon as possible. The court in *Justin S.* "implore[d] counsel for the Department, and certainly counsel for the minor, to make more robust efforts, early on in dependency proceedings," to insist on adherence to the ICWA notice requirements. (150 Cal.App.4th at p. 1436.)

We agree, and add that counsel for the parents bear a responsibility to raise prompt objection in the juvenile court to any deficiency in notice so that it can be corrected in a timely fashion. This will best serve the interests of the dependent children, the Indian tribes, and the efficient administration of justice.

## DISPOSITION

The order is affirmed.

Willhite, J., and Suzukawa, J., concurred.